Ruben R. CORTEZ, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18782.

United States Court of Appeals Ninth Circuit.

Oct. 22, 1964.

Ruffo & Oneto, John B. Vasconcellos, Jr., San Jose, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section, Phillip W. Johnson, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before MADDEN, Judge of Court of Claims, and JERTBERG and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge.

This appeal in forma pauperis is taken from a denial of a motion under 28 U.S.C. § 2255 to vacate a judgment of conviction. The district court held a hearing on the motion and found that Cortez had failed to sustain his burden of showing that his plea of guilty was not voluntary.

Cortez was indicted on August 30, 1961 for aiding and abetting his wife, Aurora, in illegally importing heroin, in violation of 21 U.S.C. § 174. He was also indicted for resisting and interfering with United States officers in the performance of their duties. Aurora was indicted for violating 21 U.S.C. § 174, and Cortez's brother Roger was also indicted for aiding and abetting Aurora. Cortez, represented by assigned counsel, pled not guilty to both counts on September 18, 1961, but changed his plea to guilty on both counts on October 17, 1961. Aurora, who was seven months pregnant, pled guilty to a lesser "tax count" charge, and was sentenced to two years in prison, the minimum term. The original charge against her involved a minimum sentence of five years with no probation and a maximum sentence of 20 years.

Cortez's contention is that a "deal" was made between the United States Attorney's office and his attorney, whereby Cortez would plead guilty to the indictment against him, in "exchange" for his wife's being allowed to plead guilty to the lesser tax charge. Cortez says he entered into this deal because of Aurora's pregnancy, and to protect her. He urges that this was sufficient coercion to vitiate his plea. He contended at the hearing that the statements that he made at the time of the guilty plea as to its voluntariness and freedom from coercion were made so that the exchange would occur; and he was still maintaining to his attorney and to a probation officer that he was innocent. Other factors that may have influenced the guilty plea were Cortez's past conviction for a felony and his wife's past conviction for perjury, as well as his attorney's knowledge that

the government had witnesses who would testify that Cortez had sold narcotics to school children. Another factor mentioned was that his attorney told Cortez that if he went to trial, a judge who had a reputation for severe sentences in narcotics cases would hear his case, while there was a possibility of having a different sentencing judge in the event a guilty plea were entered.

Cortez would frame the issues for this court as, "were promises made by a United States attorney, were they transmitted to Appellant, were they sufficient to induce a plea, and did they, in fact do so." The United States relies on the trial court's finding that Cortez's pleas of guilty were voluntarily made, and urges that this fact-finding cannot be set aside on appeal unless clearly erroneous. Appellant's statement of the issue attempts too much. If his rationale were adopted, all guilty pleas would be vitiated if they were entered as a result of a bargain with the United States Attorney. A more proper inquiry is whether in the circumstances of this case the inducement for the guilty plea was one which necessarily overcame Cortez's ability to make a voluntary decision.

▆▆▆ We take judicial notice of the fact that the vast majority of those who are indicted for federal crimes plead guilty. We know, too, that in many of the cases where this occurs the plea will be to one count, or less than all counts, of a multicount indictment, or to a lesser offense than that originally charged. In a sense, it can be said that most guilty pleas are the result of a "bargain" with the prosecutor. But this, standing alone, does not vitiate such pleas. A guilty defendant must always weigh the possibility of his conviction on all counts, and the possibility of his getting the maximum sentence, against the possibility that he can plead to fewer, or lesser, offenses, and perhaps receive a lighter sentence. The latter possibility exists if he pleads guilty, as Cortez did, to the whole charge against him.

No competent lawyer, discussing a possible guilty plea with a client, could fail to canvass these possible alternatives with him. Nor would he fail to ascertain the willingness of the prosecutor to "go along." Moreover, if a co-defendant is involved, and if the client is anxious to help that co-defendant, a competent lawyer would be derelict in his duty if he did not assist in that regard. At the same time, the lawyer is bound to advise his client fully as to his rights, as to the alternatives available to him, and of the fact that neither the lawyer nor the prosecutor nor anyone else can bargain for the court. There is nothing wrong, however, with a lawyer's giving his client the benefit of his judgment as to what the court is likely to do, always making it clear that he is giving advice, not making a promise.

The important thing is not that there shall be no "deal" or "bargain", but that the plea shall be a genuine one, by a defendant who is guilty; one who understands his situation, his rights, and the consequences of the plea, and is neither deceived nor coerced.

A leading Supreme Court case in the area is Kercheval v. United States, 1927, 274 U.S. 220, 223–224, 47 S.Ct. 582, 71 L.Ed. 1009. There the Court stated that "courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences. When one so pleads he may be held bound. * * * But, on timely application, the court will vacate a plea of guilty shown to have been unfairly obtained or given through ignorance, fear or inadvertence."

In Kent v. United States, 1 Cir., 1959, 272 F.2d 795, 798, one of defendant's contentions, in a motion under section 2255, was that he pled guilty to a charge of bank robbery so that his fiance, who had also confessed, would not be prosecuted as an accessory. The court there stated, "We are not prepared to say that it can be coercion to inform a defendant that someone close to him who is guilty of a crime will be brought to book if he does not plead. If a defendant elects to

sacrifice himself for such motive, that is his choice, and he cannot reverse it after he is dissatisfied with his sentence, or with other subsequent developments." Cf. Booth v. United States, 9 Cir., 1958, 251 F.2d 296.

 Here, the court heard the matter at some length. It found that Cortez did know that if he pleaded guilty and if his wife pleaded guilty to the "tax charge" the matter could thus be disposed of. It also found, in substance, that Cortez was in fact guilty, that at the time of his plea he was fully and accurately advised, and that his plea was voluntary. The evidence sustains the findings.

The principal cases on which Cortez relies do not help him. They are Zaffarano v. United States, 9 Cir., 1962, 306 F.2d 707 and Motley v. United States, 5 Cir., 1956, 230 F.2d 110. In each it was held that, upon allegations similar to those in Cortez's petition, a hearing should have been held. In Zaffarano, a hearing has since been held. The plea was held valid, and that decision has been affirmed by us. Zaffarano v. United States, 9 Cir., 1964, 330 F.2d 114. Here, too, a hearing was held. The judge, who did not receive the plea, but was the sentencing judge, believed Cortez's testimony at the time of plea[1] and of sentencing,[2] rather than his testimony at his section 2255 hearing. This he was entitled to do.

Affirmed.

1. "MR. MURPHY: If your Honor please, at this time the Government would like to supersede, or to file an additional Information in the case of Aurora Cortez. A waiver of Indictment has been handed to the Defendant Aurora Cortez and to her attorney.

"THE COURT: Ruben Raymond Cortez, has any promise of reward or any inducement of any kind been offered to you?

"DEFENDANT RUBEN RAYMOND CORTEZ: No, sir.

"THE COURT: To persuade you to change your plea?

"DEFENDANT RUBEN RAYMOND CORTEZ: No.

"THE COURT: Has there been any promise of any leniency in punishment?

"DEFENDANT RUBEN RAYMOND CORTEZ: No.

"THE COURT: Any suggestion you would receive a lighter sentence if you pleaded guilty?

"DEFENDANT RUBEN RAYMOND CORTEZ: No.

"THE COURT: Or that your sister would receive a lighter sentence?

"DEFENDANT RUBEN RAYMOND CORTEZ: No.

"THE COURT: This is your sister?

"DEFENDANT RUBEN RAYMOND CORTEZ: My wife.

"THE COURT: I understood it was your sister. Has there been any suggestion your wife would receive a lighter sentence if you pleaded guilty?

"DEFENDANT RUBEN RAYMOND CORTEZ: No, sir."

2. "THE COURT: In other words, this deal was one which you engineered and you used your brother and your wife in the deal; is that correct?

"DEFENDANT REUBEN [sic] CORTEZ: Yes, sir."