**Robert Newell SPRY, Appellant,**

v.

**E. J. OBERHAUSER, Appellee.**

**No. 20493.**

United States Court of Appeals Ninth Circuit.

May 20, 1966.

Robert Newell Spry, in pro. per.

Thomas C. Lynch, Atty. Gen. of Cal., Wm. E. James, Asst. Atty. Gen., Jack K. Weber, Deputy Atty. Gen., Los Angeles, Cal., for appellee.

Before BARNES and KOELSCH, Circuit Judges, and TAYLOR, District Judge.

PER CURIAM.

This is an appeal by Robert Newell Spry, a prisoner in the California Institution for Men at Chino, from an order entered September 14, 1965, in the United States District Court for the Southern District of California, Central Division, denying his petition for a Writ of Habeas Corpus.

After reviewing the appellant's petition, we agree with the District Court that it appears from the petition that the petitioner is not entitled to the Writ.

According to the petition, appellant was convicted in 1959 of the crime of burglary in the Orange County Superior Court. In March of 1965, he was convicted in the Los Angeles Superior Court for attempted robbery in violation of Section 664 of the California Penal Code. After serving approximately four years on the first offense, appellant was released in May of 1963 to serve three years and three months on parole.

Appellant first alleges that parole on the first offense was delayed one year because of action taken by the disciplinary committee of the institution. The allegation in regard to the action of the disciplinary committee does not in this case present a justiciable question. Roberts v. Pegelow, 313 F.2d 548, 550–551 (4th Cir. 1963); see also concurring opinion in Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963); Stroud v. Swope, 187 F.2d 850 (9th Cir. 1951), cert. denied, 342 U.S. 829, 72 S.Ct. 53, 96 L.Ed. 627. In any event, this question would appear to be moot since the appellant was finally granted parole and his present detention appears to be as a result of his conviction in March of 1965 on the second offense.

Appellant's second claim relates to his second conviction. As to this he alleged that he was "compelled" to enter an illegal line-up before preliminary examination and arraignment. He does not allege or claim that the line-up led to any evidence that was or could be used against him. There was no appeal from this conviction for the reason that he entered a plea of guilty. He also alleges that the line-up denied him the right to be taken before a committing magistrate without unnecessary delay in violation of Rule 5(a) of the Federal

Rules of Criminal Procedure. Appellant is attempting to go behind his plea of guilty merely because he was put in a line-up. It was said in Wallace v. Heinze, 351 F.2d 39, 40 (9th Cir. 1965), quoting from Thomas v. United States, 290 F.2d 696–697 (9th Cir. 1961) as follows:

> "The conviction and sentence which follow a plea of guilty are based solely and entirely upon said plea and not upon any evidence which may have been improperly acquired by the prosecuting authorities."

The alleged violation of Rule 5(a) of the Federal Rules of Criminal Procedure is without merit. Said Rules are only applicable to federal courts.

Affirmed.