**Howard SMITH, Appellant,**

v.

**Lawrence WILSON, Warden, etc.,
Appellee.**

**No. 20496.**

United States Court of Appeals
Ninth Circuit.

Feb. 13, 1967.

Howard Smith, in pro. per.

Thomas C. Lynch, Atty. Gen. of California, Robert R. Granucci, John T. Murphy, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before MERRILL and DUNIWAY, Circuit Judges, and CROCKER, District Judge.

DUNIWAY, Circuit Judge:

Smith pled guilty in California Superior Court to the crime of murder, Cal. Pen.Code § 187. The court fixed the degree as first degree, Cal.Pen.Code § 189, but sentenced him to life imprisonment rather than death, Cal.Pen.Code § 190. In his petition for habeas corpus, Smith urges: (1) That certain statements were obtained from him in violation of his federal constitutional rights, (2) that he did not have effective assistance of counsel, (3) that his plea was in part induced by the fact that he had given these statements, in part by the testimony of an eye witness, in part by threats of the gas chamber, and in part by his counsel, and (4) that therefore he did not make an intelligent or informed plea.

The district judge had before him Smith's petition, the state's return showing the conviction, a copy of the transcript of Smith's preliminary hearing, at which he was represented by counsel, and a transcript of the proceedings at which Smith pled guilty, being also represented by counsel. From these the district judge concluded that the petition was without merit, and denied it. No evidentiary hearing was held. On this appeal, Smith contends that he should have been given a hearing.

■ If Smith's petition sufficiently alleged that his plea was induced by conduct that violated his federal constitutional rights, and if this could only be shown by evidence dehors the record, he should have had a hearing. See Doran v. Wilson, 9 Cir., 1966, 369 F.2d 505; Johnson v. Wilson, 9 Cir., 1967, 371 F.2d 911, and cases there cited.

But these cases are not here applicable. Here it appears from the allegations of Smith's petition and from undisputed records that were before the district judge that Smith is not entitled to relief. See Wright v. Dickson, 9 Cir., 1964, 336 F.2d 878, 881.

■ Smith's first contention is that, in obtaining statements from him, the prosecuting authorities did not comply with the rules laid down in Escobedo v. State of Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. Those rules are not applicable to Smith's case; he pled guilty on April 29, 1963 and was sentenced on May 13, 1963, Johnson v. State of New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. Smith does not allege that his statements were coerced or involuntary. See Grove v. Wilson, 9 Cir., 1966, 368 F.2d 414; cf. Sessions v. Wilson, 9 Cir., 1966, 372 F.2d 366 (decided November 28, 1966). Thus

Smith's statements could lawfully be used against him. They became operative facts in the case, to which Smith's attention could properly be called when he was considering how to plead.

■ Smith's second contention is that an eye witness' testimony, given at his preliminary hearing, was also used in persuading him to plead guilty. He seems to think that his counsel did not competently cross examine the witness. Her direct testimony and her cross examination cover over 50 pages of typewritten transcript. She was vigorously and effectively cross examined. Her story, which was not shaken, is extremely damaging; it shows a deliberate murder by lying in wait, confronting the victim, and shooting him in the back when he turned to flee. But it certainly does not show incompetence of counsel. Quite the contrary. This testimony, too, became an operative fact, properly brought to Smith's attention when he was considering how to plead.

■ Smith's attack on his plea rests only on the four grounds stated in item (3), supra. In view of the eye witness' testimony, corroborated in part by Smith's own statements, he was indeed threatened by the gas chamber. But that is not something that the prosecution, or Smith's counsel, did to him. The law imposed the threat. No doubt Smith was confronted with a hard choice, but that did not make his plea involuntary. His own petition shows that he knew the facts, knew the possible penalty, and pled guilty on advice of his own counsel, to escape the gas chamber. He did escape it. Counsel's advice was good, not bad; he was highly competent, not incompetent. The plea was both intelligent and informed, and no hearing is required to establish that fact. See Grove v. Wilson, supra; Gilmore v. People of State of California, 9 Cir., 1966, 364 F.2d 916, 918; Cortez v. United States, 9 Cir., 1964, 337 F.2d 699. Smith's attack upon his counsel is wholly unwarranted; Smith should be grateful to him.

Affirmed.