**UNITED STATES of America,**
**Appellee,**

v.

**James Ray THOMAS, Appellant.**

**No. 22658.**

United States Court of Appeals
Ninth Circuit.

Aug. 12, 1969.

Harry J. Kreamer (argued), San Francisco, Cal., for appellant.

Michael J. Lightfoot (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Crim. Div., Ronald S. Morrow, Asst. U. S. Atty., for appellee.

Before HAMLEY and BROWNING, Circuit Judges, and THOMPSON, District Judge*.

* Hon. Bruce R. Thompson, United States District Judge, District of Nevada, sitting by designation.

HAMLEY, Circuit Judge:

James Ray Thomas appeals from his conviction, on a plea of guilty, of robbing a federally-insured bank in violation of 18 U.S.C. § 2113(a) and (d) (1964). The only question presented on the appeal is whether the district court erred in denying his motion to withdraw his plea of guilty.

The indictment against Thomas and others was returned on June 10, 1964. In count one Thomas and Joe Pachero Pino were charged with the robbery of a federally-insured California bank on March 25, 1964, in the course of which an assault was committed and a life was placed in jeopardy. In a second count Thomas and Pino were charged with committing a similar offense on April 22, 1964.

On June 26, 1964, Thomas pleaded guilty to count one. He was sentenced on August 4, 1964, to the maximum period prescribed by law, with provision for a ninety-day study pursuant to 18 U.S.C. § 4208(c) (1964), and a review of sentence as provided in 18 U.S.C. § 4208(b) (1964). Thomas pleaded not guilty to the second count and, after entry of the plea of guilty and the sentence on the first count, the second count was dismissed.

For reasons not here relevant, there was a delay of several years in the submission of the section 4208(b) report by the Bureau of Prisons. That report, received by the court in the spring of 1967, recommended imposition of a twenty-five year sentence, the maximum prison sentence which may be imposed for a violation of 18 U.S.C. § 2113(a) and (d). A copy of the report was made available to Thomas and his attorney.

Thereafter, on June 12, 1967, Thomas filed a motion pursuant to Rule 32(d), Federal Rules of Criminal Procedure, to withdraw his plea of guilty. Although several grounds for such relief were stated in this motion, we are concerned, on this appeal, with only one: Thomas alleges that he was coerced to plead guilty by a promise made to his attorney by state officials and conveyed to Thomas. This promise, according to Thomas, was that if he would plead guilty to one of the federal bank robbery charges, pending state charges against him, including one for which a death penalty might be imposed, would be dismissed.

An extensive evidentiary hearing was held on this motion and, on August 30, 1967, the motion was denied. On September 21, 1967, a final judgment was entered, affirming both the judgment of conviction entered on August 4, 1964, and the twenty-five year sentence entered on that date. This appeal followed.

At the close of the hearing on Thomas' motion to withdraw his guilty plea, the trial court found that Thomas was not told by his attorney that arrangements had been made with state officials to dismiss all pending state charges if Thomas pleaded guilty to one of the federal bank robbery charges. The court did find, however, that Thomas was told by his attorney that arrangements had been made with state officials for dismissal of the state charge involving the death penalty if Thomas pleaded guilty to one of the federal charges. The district court also found that Thomas took an active part in obtaining this arrangement in order to avoid a possible state death penalty.

While Thomas testified at the hearing that he was innocent of the federal charge to which he pleaded guilty, the district court found otherwise. State officials did not at first give Thomas the benefit of his "deal," but the court found that ultimately, and long prior to the time Thomas moved herein to withdraw his plea of guilty, state officials allowed Thomas to proceed in such way as to avoid the death penalty.

On this appeal, Thomas does not question these findings, but argues that, on the basis of these findings, together with a consideration of all the evidence received at the hearing, the court erred in denying the motion to withdraw the plea of guilty.

Leave to withdraw a plea of guilty should be freely allowed before sen-

tence is imposed. Kadwell v. United States, 9 Cir., 315 F.2d 667, 670. The motion made by Thomas after entry of the initial judgment and sentence, but prior to entry of the final judgment and sentence under the section 4208(b) and (c) procedure, is to be regarded as made before imposition of sentence and therefore subject to the liberal treatment described in *Kadwell*. See Sherman v. United States, 9 Cir., 383 F.2d 837, 840.

■ As pointed out in *Sherman*, however, the *Kadwell* pronouncement does not eliminate discretion in the district court and the standard on review of a presentence ruling denying such a motion continues to be that of abuse of discretion. Consideration of the unchallenged district court findings and all of the evidence taken at the hearing convinces us that the district court did not abuse its discretion in denying Thomas' motion to withdraw his plea of guilty.

Thomas was fully advised by counsel throughout the entire transaction. He himself sought leniency in the state courts upon condition that he plead guilty to the federal charge. He did not move to withdraw the federal guilty plea until he had received such lenient treatment. He told the district court, in effect, that his strategy throughout was to say anything, true or false, to get what he wanted. These and other circumstances revealed by the evidence indicate that Thomas was not coerced into pleading guilty.

Even if the bargain on the basis of which Thomas pleaded guilty had been with the United States Attorney, the plea would not necessarily have been vitiated. See Cortez v. United States, 9 Cir., 337 F.2d 699, 701. The bargain here, however, was with state officials, pertaining to pending state charges, with respect to which no criticism could be leveled at federal officials.

■ We recognize, as did the district court, the established rule that a guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. See Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473. Thomas, however, was not unadvised or misadvised by counsel, nor was he coerced in the sense that his ability to make a voluntary decision was overcome.

The simple fact is that Thomas found himself confronted with both federal and state criminal charges and voluntarily chose, with the assistance of counsel, a course of action which was designed to, and did, gain him state leniency without, in our view, sacrifice of any federal right which, under the circumstances, had substantial value. Faced with this hard choice, Thomas chose what he thought was the lesser of two evils; this does not make his plea involuntary. See Gilmore v. California, 9 Cir., 364 F.2d 916, 918.

Affirmed.