**Charlie M. TILLER, Petitioner,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 70–C–19–A.**

United States District Court,
W. D. Virginia,
Abingdon Division.

May 6, 1970.

W. Luke Witt, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus filed in forma pauperis by Charlie M. Tiller, a state prisoner, pursuant to 28 U.S.C. § 2241. The petition was filed with the United States District Court for the Eastern District of Virginia, and by order dated February 27, 1970, was transferred to this court.

Petitioner is presently serving a sentence of life imprisonment in the Virginia State Penitentiary, pursuant to a judgment of the Circuit Court of Buchanan County, imposed on April 23, 1958, for murder. Petitioner, represented by counsel, entered a plea of guilty and was tried by a judge without a jury.

In December, 1968, Tiller filed a petition for a writ of habeas corpus in his trial court. Counsel was appointed to represent petitioner, and on May 27, 1969, a plenary hearing was held, after which the petition was denied and dismissed. On January 19, 1970, the Virginia Supreme Court of Appeals affirmed the lower court's dismissal. Having presented his claims to the highest court in Virginia, petitioner has exhausted his available state remedies in compliance with 28 U.S.C. § 2254. Thomas v. Cunningham, 313 F.2d 934 (4th Cir. 1963).

While the petition is unclear, Tiller appears to make the following complaints: (1) the plea of guilty was involuntary; (2) no arrest warrant was served; and (3) ineffective representation by counsel.

As to the guilty plea, Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), is not applied retroactively and does not affect the case. St. Clair v. Cox, 312 F.Supp. 168, Civil Action No. 70–C–13–R (W.D.Va. March 18, 1970).

Petitioner claims that the plea of guilty was the product of coercion and the lack of understanding. The state court rejected this contention after hearing full and adequate evidence on the point. Obviously, it relied on the testimoy of petitioner's trial counsel. He testified that he discussed the effect of the guilty plea with petitioner and that the decision to plead guilty was voluntarily made by petitioner. At the plenary hearing, petitioner alleged that he pled guilty to escape the electric chair. The fact that the law imposes the threat of the death penalty does not make the plea involuntary. Moore v. Wainwright, 401 F.2d 525 (5th Cir. 1968); Smith v. Wilson, 373 F.2d 504 (9th Cir. 1967). Also, petitioner's counsel testified:

> I think the reason he entered the plea really was because he [would] rather be at the penitentiary than at Southwestern State Hospital. That appeared to me to be his main consideration.

The mere fact of possible commitment procedures does not in itself make a

guilty plea involuntary. The plea is voluntary unless the threat of commitment procedures was used to coerce the plea of guilty. Petitioner has not alleged these facts and the evidence does not disclose any pressure or threats of the same to obtain the guilty plea. I am satisfied as to the voluntariness of the guilty plea.

■■ Petitioner alleges that no warrant was served on him. After a voluntary guilty plea, a petitioner may attack only jurisdictional defects. White v. Pepersack, 352 F.2d 470 (4th Cir. 1965), Bloombaum v. United States, 211 F.2d 944 (4th Cir. 1954). The failure to serve a warrant of arrest does not amount to a jurisdictional defect. Further, the record contains a warrant of arrest with a statement that it was served on February 15, 1956.

Petitioner also contends that he was given ineffective representation of counsel. He alleges in his petition that counsel conferred with him for only thirty minutes. While counsel's testimony shows this claim to be untrue, petitioner's own testimony refutes the allegation. Petitioner testified:

Q—In any event there was a pretty good lapse of time between the time you employed Mr. Street and the time you were actually tried, wasn't there?

A—Yes, sir.

Q—And you did have opportunity to discuss your case with Mr. Street on a number of occasions before you were tried?

A—Yes, sir.

■■■ Also, petitioner contends that his counsel denied his request for an appeal. The truth of this allegation does not have to be determined. After a guilty plea, a defendant in Virginia may only appeal jurisdictional defects or that the sentence imposed exceeded that authorized by law. See St. Clair v. Cox, supra. No scintilla of evidence indicating a jurisdictional defect can be found in this case and the sentence imposed does not exceed that authorized by law.

■■ Petitioner has alleged two further grounds in his petition which require comment. Petitioner alleged that the "trial court failed to examine the deceased's social history and mental makings and have it testified to by a qualified witness." Secondly, petitioner appears to complain about the test used to determine his mental capacity to stand trial. This determination should be left to the state courts. Habeas corpus proceedings in the federal court are available only to challenge constitutional violations. Neither of the above claims raise constitutional issues.

For the foregoing reasons, it is adjudged and ordered that the petition for a writ of habeas corpus be dismissed and the relief denied.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order or part thereof appealed from; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

The clerk is directed to certify copies of this opinion and judgment to the petitioner and to the respondent.