**George W. BOSTICK, Jr., Appellant,**

v.

**Walter E. CRAVEN, Warden, Appellee.**

**No. 24629.**

United States Court of Appeals, Ninth Circuit.

June 23, 1970.

George W. Bostick, Jr., in pro. per.

Thomas C. Lynch, Atty. Gen., Wm. E. James, Asst. Atty. Gen., Jefferey T. Miller, Deputy Atty. Gen., Los Angeles, Cal., for appellee.

Before ELY, CARTER and KILKENNY, Circuit Judges.

JAMES M. CARTER, Circuit Judge:

Appellant, serving a life sentence for murder following a plea of guilty, petitioned below for a writ of habeas corpus. The District Court denied relief without a hearing. We affirm.

Appellant and three accomplices were convicted, in the Los Angeles County Superior Court, of robbery-murder. The jury imposed the death penalty on appellant, and his three accomplices were given life imprisonment. Subsequently, however, the California Supreme Court reversed the convictions and remanded the cases on the basis of the United States Supreme Court decisions in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774,

12 L.Ed.2d 908 (1964). Appellant's court-appointed counsel then suggested he enter a plea of guilty because he had no defense. Counsel advised him that if the case went to trial the State intended to call the accomplices to testify against him. Counsel also warned of the probability of being convicted again and receiving the death penalty. Appellant was advised that there had been an agreement reached with the State to the effect that if he pled guilty to murder the sentence would be set at life imprisonment. Counsel was of the opinion that this was better than going to trial again and risking the death penalty. Appellant agreed and pled guilty.

After the denial of habeas corpus petitions filed with the California courts, appellant sought habeas corpus relief in the United States District Court below. His petition was denied without a hearing, and he now makes the following allegations of error:

(1) that his plea of guilty was not voluntary because it was given in exchange for the State's promise not to seek the death penalty;

(2) that his plea of guilty was not intelligently given because counsel failed to inform him of alleged defenses available to him;

(3) that the court lacked jurisdiction to accept his guilty plea without holding another preliminary hearing because the evidence used at his preliminary hearing was subsequently held inadmissible.[1]

We first note that in this case it is crystal clear that appellant was fully interrogated by the court at the time of his guilty plea and that the plea was knowingly and intelligently made.

As to appellant's first contention, the law, as stated by this court and more recently the United States Supreme Court, is to the contrary. The fact that a plea of guilty is entered to avoid the possibility of a death penalty does not make the plea involuntary. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (May 4, 1970); Smith v. Wilson, 373 F.2d 504 (9 Cir. 1967).

The basis of appellant's second contention appears to be his counsel's failure to inform him that, pursuant to California Penal Code § 1111, "[a] conviction cannot be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense." However, we agree with the court below that "[t]he mere fact that petitioner's counsel did not discuss the requirements of California Penal Code § 1111 with petitioner or give him a sophisticated analysis of all of the legal questions presented does not indicate that petitioner's guilty plea was not understandingly made or that he receive ineffective assistance of counsel." This conclusion is supported by the findings of the district court, (1) that only slight independent evidence is needed to constitute sufficient corroboration under the California Code, and (2) that there existed a substantial danger that the State had sufficient evidence to corroborate the testimony of the accomplices.

Appellant's third assertion of error is also without merit. Having concluded that it was voluntarily and intelligently given, his guilty plea waived any right to challenge the preliminary hearing. Pearce v. Cox, 354 F.2d 884 (10 Cir. 1965), cert. denied, Charlton v. Cox, 384 U.S. 976, 86 S.Ct. 1869, 16 L.Ed. 2d 685 (1966). See also McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (May 4, 1970), where the

---

1. Appellant's brief contains three motions: (1) that this Court appoint an attorney for him on the appeal; (2) that he be allowed to appear personally and argue his case; and (3) that if his second motion is rejected, then appellee not be allowed argument. We do not find the issues sufficiently complex or weighty as to require the appointment of counsel. Appellant's present incarceration prevents the granting of the second motion. Finally, appellant is advised that the case was submitted without argument on either side.

court stated, "* * * he is bound by his plea unless he can allege and prove serious derelictions on the part of counsel sufficient to show that his plea was not after all, a knowing and intelligent act." (90 S.Ct. at 1450).

Judgment affirmed.