**Howard J. KEARNS, B–3528, Appellant,**

v.

**Harold V. FIELD, Warden, Appellee.**

No. 24631.

United States Court of Appeals, Ninth Circuit.

July 29, 1970.

Supplemental Opinion on Denial of Rehearing Sept. 23, 1970.

Howard J. Kearns in pro. per.

Thomas C. Lynch, Atty. Gen., Dannie H. Spence, Deputy Atty. Gen., Los Angeles, Cal., for appellee.

Before BARNES and ELY, Circuit Judges, and JAMESON, District Judge*.

PER CURIAM:

Kearns is a California state prisoner. He was charged in the state court with having issued a fraudulent check in the amount of $24.81, and after having pleaded guilty to the offense, he was given the sentence which he attacks. He petitioned for habeas corpus relief in the District Court, alleging that he pleaded guilty in the state court only because he had theretofore been promised that he would be given probation, and not imprisoned, if he did so. The District Court denied Kearns' petition after an evidentiary hearing, and this appeal followed.

We have concluded that the judgment must be reversed because of oversight on the part of counsel who appeared in the District Court. The basic factual issue was, as we have indicated, whether or not Kearns' plea was induced by a promise made by state officials and unfulfilled. The issue was sharply contested, and after receiving evidence, the District Court requested counsel to supply it with the record of the state court proceedings at the time Kearns entered his plea of guilty. California's attorney stated to the court, in effect, that the record would be obtained and supplied, and the court apparently delayed its decision pending receipt and examination of the necessary record.[1] That record is not before this court, was apparently never received and considered in the District Court as an Exhibit, and we think that the District Court was entitled to examine a transcript of all the

---

* Honorable William J. Jameson, Senior United States District Judge, Billings, Montana, sitting by designation.

1. The district judge obviously expected to be supplied with a transcript of one of the state court proceedings. Near the close of the evidentiary hearing, he remarked,

"The matter will stand submitted. And when the transcript of the change of plea proceedings, held on June 28, 1966, is received, I will read and con-

sider that transcript and that will be received as per the stipulation as Petitioner's Exhibit 2.

"If either side desires to bring on additional testimony, you will have ten days after the Court has received that transcript."

Since "that transcript" was apparently not "received" before the Petition was denied, neither party was afforded the contemplated opportunity to produce additional testimony.

state court proceedings before the judgment in question was made.

Upon remand the District Court will direct the appellee to present the full state court record within a reasonable time, not exceeding thirty days, from the issuance of this court's judgment herein.

In the evidentiary hearing, it was undisputed that the attorney who prosecuted the case for California had promised that if Kearns pleaded guilty the prosecuting officer would recommend that the sentencing judge award probation. The state court record should reveal whether or not the prosecuting officer, during the sentencing proceedings, made the recommendation which had been promised. If, upon remand, the District Court ascertains from an examination of the state court record that the promised recommendation was not made, then it will grant habeas relief unless California does, within thirty days from the issuance of this judgment, afford Kearns an opportunity to withdraw his former plea, and the District Court may, of course, grant Kearns relief unless appellee's counsel supplies the District Court with the state court record which the District Court requested and which, insofar as we can ascertain from the record before us, was, through oversight, not supplied.

Reversed and remanded.

### Supplemental Opinion and Order On Petition for Rehearing

In our original opinion herein, we remarked that a certain critical record "is not before this court [and] was apparently never received and considered in the District Court as an Exhibit * * *." In his Petition for Rehearing, the appellee now advises us that while the record in question was not received as an Exhibit and hence was not presented to us, it was "supplied to the District Court * * * and was noted only in the clerk's work docket rather than the court docket." This representation is supported by the affidavit of a Deputy District Court Clerk, included in the Appendix of appellee's Petition for Rehearing. Also included in that Appendix is the record in question, a transcript of the state court proceedings of June 28, 1966. This transcript purports to reveal the entire colloquy which occurred at the time the appellant withdrew his previous plea of guilty and substituted his plea of guilty. In pertinent part, the transcript reads:

"THE COURT: *. * * Did you wish to withdraw your plea?

"THE DEFENDANT: Yes.

"THE COURT: Of not guilty?

"THE DEFENDANT: Yes.

"THE COURT: How do you plead to the charge?

"THE DEFENDANT: Guilty.

"THE COURT: The plea is accepted * * *."

In our original opinion we noted that it was "undisputed" that Kearns entered his guilty plea under the impression that the prosecuting officer "would recommend that the sentencing judge award probation." Kearns testified as to this, as did the attorney who represented him at the time. The appellee offered no evidence to the contrary. We have found nothing in the record, including the portion thereof which has been for the first time called to our attention in appellee's Petition for Rehearing, to indicate that the prosecuting attorney made the recommendation, the promise of which had presumably induced Kearns to withdraw his plea of innocence and enter his plea of guilty. Cf. Gilmore v. People of State of California, 364 F.2d 916 (9th Cir. 1966).

Upon remand, the District Court will ascertain if the promised recommendation was made, and if not, it will grant habeas relief unless California does, within thirty days from the issuance of this judgment, afford Kearns an opportunity to withdraw his plea of guilty.

Treating the appellee's Petition for Rehearing, in part, as a motion to augment the record on appeal with the inclusion of the state court proceedings of June 28, 1966, the motion is granted.

The court's original opinion, as herein modified, will stand, and the Petition for Rehearing is denied.