Ruben BENN, Plaintiff-Appellant,

v.

Frank A. EYMAN, Warden, Defendant-Appellee.

No. 25546.

United States Court of Appeals,
Ninth Circuit.

Jan. 19, 1971.

McCafferty & Loftus, Phoenix, Ariz., for plaintiff-appellant.

Gary K. Nelson, Ariz. Atty. Gen., Carl Wagg, Asst. Atty. Gen., Phoenix, Ariz., for defendant-appellee.

Before CHAMBERS, BARNES and TRASK, Circuit Judges.

PER CURIAM:

Petitioner, a state prisoner, appeals from the order of the district court denying his petition for writ of habeas corpus. We affirm the order of the district court.

Petitioner was charged with three felonies, one count of attempted rape and two counts of burglary. On the scheduled day of trial on the attempted rape charge, which was to be tried first, the attorney prosecuting that charge was ill. The trial was continued, and one of the burglary counts was set to be tried the next day.

The next day, petitioner's appointed counsel moved for a continuance because he did not have a copy of the transcript of the preliminary hearing for the burglary count to be tried that day. The state trial court denied the motion because defense counsel had, on the previous day, stated that he had the transcript for the burglary charge.

Petitioner then withdrew his plea of not guilty to the burglary count on trial and entered a plea of guilty. The charge of attempted rape and the other burglary count were dismissed.

■ Petitioner's principal contention on appeal is that Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) requires that his writ be

granted. *Boykin,* where there was no allegation that the guilty plea was involuntary, held that it was constitutional error for a state trial judge to accept the guilty plea "without an affirmative showing that it was intelligent and voluntary." 395 U.S. at 242, 89 S.Ct. at 1711. Petitioner argues that his conviction must be reversed because the state trial judge made no interrogation to determine whether his guilty plea was voluntary and intelligent before accepting the plea; and also because there was no showing that he changed his plea knowingly, voluntarily and intelligently.

*Boykin* was decided in 1969. Petitioner's guilty plea was entered in 1964. This court has held that *Boykin* is not retroactive. Moss v. Craven, 427 F.2d 139 (9th Cir. 1970). Other circuits are in accord. Meller v. Missouri, 431 F.2d 120 (8th Cir., 1970); United States ex rel. Hughes v. Rundle, 419 F.2d 116 (3d Cir. 1969). Therefore, the absence of interrogation of petitioner at the time his plea was entered does not alone require reversal.

■ The district court at the conclusion of the evidentiary hearing held that petitioner's plea was voluntary. The district court found that the guilty plea was the result of plea bargaining. This court has held that a guilty plea is not involuntary merely because it results from plea bargaining. Jones v. United States, 423 F.2d 252 (9th Cir. 1970); United States v. Thomas, 415 F.2d 1216 (9th Cir. 1969); Gilmore v. California, 364 F.2d 916 (9th Cir. 1966); Cortez v. United States, 337 F.2d 699 (9th Cir. 1964).

Petitioner contends that his guilty plea was not the result of plea bargaining. He argues that there was nothing in the record to indicate that a deal was entered into or, if there was a deal, that petitioner was aware of it and agreed to it.

The finding of the district court is supported by the record. Defense counsel testified that there was a deal to drop the other two charges if petitioner would plead guilty to burglary. He also testified that he informed petitioner of the deal and suggested, with full knowledge of the facts, that petitioner accept it. Petitioner testified that defense counsel informed him of the deal and advised him to take it. Petitioner knew that if he pleaded not guilty he would have a trial. The lawyer who represented petitioner at the time of the plea bargaining and the guilty plea was also the lawyer who represented petitioner at the preliminary hearing on that same charge and was personally present at the preliminary hearing so that petitioner and his lawyer were both aware of what took place, even in the absence of a reporter's transcript.

Affirmed.

CHAMBERS, Circuit Judge (concurring):

I concur in the result.