**Howard J. KEARNS, Petitioner-Appellee,**

v.

**Harold V. FIELD, Warden, Respondent-Appellant.**

**No. 71–1180.**

United States Court of Appeals, Ninth Circuit.

Dec. 21, 1971.

Rehearing Denied Feb. 2, 1972.

Evelle J. Younger, Cal. Atty. Gen., William E. James, Asst Atty. Gen., Jack K. Weber, Deputy Atty. Gen., Los Angeles, Cal., for appellant.

Howard J. Kearns, in pro. per.

Before MERRILL and DUNIWAY, Circuit Judges, and CROCKER, District Judge.*

CROCKER, District Judge:

■■ Kearns, petitioner, pled guilty to a charge of forgery. After being sentenced to prison, he filed a petition for a writ of habeas corpus on the grounds that his guilty plea was made upon the promise of the district attorney to recommend probation and such recommendation was, in fact, never made.

The district court denied the petition which was appealed. The court of appeals reversed and remanded the case.[1] The order stated: "Upon remand, the District Court will ascertain if the promised recommendation was made, and if not, it will grant habeas corpus relief unless California does, within thirty days from the issuance of this judgment, afford Kearns an opportunity to withdraw his plea of guilty." id. at 69.

Pursuant to the mandate an evidentiary hearing was held. At the hearing the district attorney argued that the court must first determine whether there was an agreement between petitioner and the district attorney. The court refused to consider evidence on this subject stating that the only issue for determination was whether or not the recommendation had been made. At the conclusion of the hearing, the court found in favor of the petitioner.

Respondent has appealed to this court contending that the district court erred in not considering whether there was any agreement, and if there was, whether it was the inducing factor for the guilty plea. Additionally, respondent argues that because Kearns' attorney did not object to the district attorney's failure to make the promised recommendation prior to sentencing, the right was waived.

We are asked to determine whether the district court properly refused to consider the issue of whether or not there was an agreement on the grounds that such determination was not within the mandate of the higher court.

Appellant argues that the narrow interpretation given the mandate by the district court precluded appellant from offering the defense that there was never an agreement, or if there was, it was not the inducing factor for the guilty plea.

The mandate is controlling as to all matters within its compass, Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939); however, any issue not expressly or impliedly disposed of on appeal may be considered by the trial court on remand. See,

* Honorable M. D. Crocker, United States District Judge, Fresno, California, sitting by designation.

1. Kearns v. Field, 9 Cir., 1970, 432 F.2d 68.

Thornton v. Carter, 109 F.2d 316 (8th Cir. 1940); Herzberg's, Inc. v. Ocean Accident & Guarantee Corp., Ltd., 132 F.2d 438 (8th Cir. 1943); Paull v. Archer-Daniels-Midland Company, 313 F.2d 612 (8th Cir. 1963).

The mandate of the appellate court was clear and the district court judge did exactly as directed.

The appellant's arguments should have been raised at the habeas corpus hearing, prior to issuance of the mandate, as they were impliedly disposed of on the appeal and cannot be considered on remand.

For these reasons we affirm.