Lawrence Lee **CARTER**, Petitioner,

v.

A. E. **SLAYTON**, Superintendent, Virginia State Penitentiary, Respondent.

**Civ. A. No. 71–C–61.**

United States District Court,
W. D. Virginia,
Danville Division.

April 17, 1972.

Gilbert W. Haith, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

Lawrence Lee Carter petitions this court for a writ of habeas corpus to terminate his alleged confinement in the Virginia state prison system. Leave to proceed *in forma pauperis* has been granted.

Carter was convicted of malicious wounding in the Corporation Court of the City of Danville on January 28, 1969, and sentenced to an eighteen year term in the State Penitentiary. At trial petitioner pleaded guilty to the charge on the advice of his retained counsel. The conviction was not appealed.

In this petition Carter claims that because of counsel's ineffectiveness, he was induced to plead guilty involuntarily and *without knowledge of the consequences* of the plea. Petitioner presented these claims in a habeas corpus petition to the Danville Corporation Court, which dismissed the petition, after hearing, on June 8, 1970. That judgment was affirmed by the Virginia Supreme Court on September 8, 1971. Petitioner has effectively exhausted his state reme-dies in compliance with 28 U.S.C. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

By contemporary practice, since the accused had retained counsel, the trial judge before accepting the guilty plea did not conduct further inquiry to determine if petitioner understood the nature of the plea. This was not, as petitioner suggests, fatal error, since the rule announced in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), which requires the trial judge to make such inquiry to ensure the plea's validity for the record did not retroactively apply to this case. Tiller v. Cox, 313 F.Supp. 400 (W.D.Va.1970). Whether or not the plea was valid must be determined by the circumstances surrounding the case.

Petitioner claims that counsel promised him a light sentence if he would plead guilty. Counsel testified at the state hearing that he advised petitioner that if he did so plead, the court would probably impose a five to ten year sentence, and that he would try to secure a recommendation to that effect from the Commonwealth's Attorney. At trial counsel called petitioner to testify in order to show that some provocation may have occurred. Although the Commonwealth's Attorney had apparently never agreed to a specific recommendation, he did in fact recommend a ten year sentence to the court. Defense counsel had also advised petitioner that the probation officer's report, favorable to petitioner, would further induce the court to impose a moderate sentence. At no time did counsel promise him a specific sentence of one or two years, as petitioner claims, or any other sentence. Clearly the severity of the sentence cannot be attributed to any fault or lack of effort of counsel.

Prior to trial counsel explained to petitioner the nature of the offense and the maximum punishment therefor. By his own admission, petitioner knew that he could be tried by a

**571**

jury on a plea of not guilty. Counsel told petitioner nevertheless that there would be no jury trial because it would be advisable for him to plead guilty, in which case nothing would remain but to assign punishment. Petitioner never indicated that he wanted a jury trial. Thus, contrary to his assertion, petitioner knew long before trial that he would not be tried by a jury. Although counsel never made formal inquiry to determine if petitioner was aware of the nature and consequences of the plea, it is clear that he understood them. The plea was therefore freely and voluntarily entered. That it was also entered on the considered advice of counsel does not alter its validity. Schnautz v. Beto, 416 F.2d 214 (5th Cir. 1969). Carter further alleges that counsel failed to investigate the petitioner's claim of self defense and that he failed to cross-examine the prosecutrix. Neither claim has merit. From his interviews with petitioner and the police, and after reading petitioner's written confession to the crime, counsel determined that there was no defense to the charge. For example, the investigative officer informed counsel that the prosecutrix was not armed before or during the shooting. Counsel did in fact cross-examine the prosecutrix, eliciting her statement that although she had no gun, she did in fact threaten petitioner with a fork before he wounded her.

Lastly Carter alleges that counsel failed to perfect an appeal, despite his instructions to do so. An appeal does not lie from a conviction based upon a valid plea of guilty unless it is shown that the trial court lacked jurisdiction over the case or that the sentence imposed exceeded that authorized by law. Peyton v. King, 210 Va. 194, 169 S.E.2d 569 (1969). There are no such defects here. Moreover counsel advised petitioner that he saw no grounds for appeal, but that he would assist other counsel petitioner obtained to perfect an appeal. Indeed, the court appointed other counsel to represent petitioner, although no appeal was filed. In any case the claim has no merit.

In light of the above, it is ordered that the petition for a writ of habeas corpus be dismissed.