**Ansar El MUHAMMAD, Petitioner— Appellant,**

v.

**James GOMEZ, Warden, Respondent— Appellee.**

No. 02–17145.

D.C. No. CV–98–2319–JFM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 9, 2003.

Decided Oct. 31, 2003.

Paula Beryl Rudman, San Francisco, CA, for Petitioner–Appellant.

Aileen Bunney, DAG, AGCA—Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before SCHROEDER, Chief Judge, and O'SCANNLAIN and TASHIMA, Circuit Judges.

MEMORANDUM *

Ansar El Muhammad, also known as Tom Durand Young, appeals from the district court's denial of his 28 U.S.C. § 2254 petition challenging his state conviction for murder. Muhammad claims that state and federal prosecutors violated his right to Due Process when they facilitated a plea agreement whereby Muhammad confessed to the murder as part of a "global plea arrangement." Pursuant to the global plea arrangement, Muhammad and other members of his religious sect pleaded guilty to their crimes in exchange for the government's promise of leniency toward their spiritual leader, Willie Brown. Muhammad contends that his confession was involuntary, and therefore inadmissible, because the plea agreement exploited his religious faith and his loyalty to Brown.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm. We review the denial of a petition for habeas relief under 28 U.S.C. § 2254 *de novo*. *See Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir.2001). Under the Antiterroism and Effective Death Penalty Act, however, we must defer to the state court's decision unless it is contrary to, or an unreasonable application of, clearly established Supreme Court precedent. 28 U.S.C. § 2254(d); *Williams v. Taylor,* 529 U.S. 362, 411, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).[1]

First, Muhammad's plea was not a product of government coercion, which is a necessary element of a Due Process claim that a confession was involuntary. *Colorado v. Connelly,* 479 U.S. 157, 167, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986). The idea for the global plea arrangement originated with Willie Brown and his attorney, neither of whom was acting as a government agent. Although government agents facilitated a meeting between Muhammad, Brown, and other members of his sect in the County Jail to discuss the global plea arrangement, no government agent participated in the meeting or pressured Muhammad to accept the terms of the plea. Insofar as Brown and his attorney may have exerted any pressure on Muhammad to accept the plea, that pressure cannot be imputed to the government for the purpose of determining whether the confession was obtained in violation of Muhammad's Due Process rights. *See id.* (even "outrageous behavior" by a private party to secure evidence against a defendant

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts and prior proceedings, we recite them here only as necessary to explain our ruling.

does not make that evidence inadmissible under the Due Process Clause).

Second, Muhammad's will was not "overborne." *See Haynes v. Washington,* 373 U.S. 503, 515, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963) (confession involuntary only where the defendant's will is "overborne at the time he confessed."); *Schneckloth v. Bustamonte,* 412 U.S. 218, 225, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973) (no violation of Due Process where confession was the product of an "essentially free and unconstrained choice"). The record shows that Muhammad was represented by an attorney during plea negotiations, that he understood the terms of the plea agreement, and that he made a conscious and informed choice to plead guilty. The government's promise to reduce the charges against Brown in exchange for Muhammad's guilty plea was not, in and of itself, sufficient to overwhelm Muhammad's will or his capacity for self-determination. *See Cortez v. United States,* 337 F.2d 699, 700 (9th Cir. 1964) (defendant's agreement to plead guilty in exchange for government's agreement to drop some charges against his wife not involuntary where defendant was aware of his rights and the consequences of his plea). Moreover, Muhammad's decision to plead guilty was also motivated by other terms of the plea agreement, including the State's promise not to seek the death penalty, a significant concession given the gravity of the charges and the weight of the evidence against him.

Therefore, the state court's holding that Muhammad's guilty plea was voluntary was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent. Accordingly, the judgment is AFFIRMED.