**Commodore William MOSS, Petitioner-Appellant,**

v.

**Walter E. CRAVEN, Warden, Respondent-Appellee.**

**No. 22198.**

United States Court of Appeals, Ninth Circuit.

May 26, 1970.

Larry Daines (argued), Pasadena, Cal., for petitioner-appellant.

Commodore William Moss, in pro. per.

John P. Oakes (argued), Derald E. Granberg, Deputy Attys. Gen., Thomas C. Lynch, Atty. Gen. of California, San Francisco, Cal., for respondent-appellee.

Before BROWNING and HUFSTEDLER, Circuit Judges, and BATTIN,* District Judge.

PER CURIAM.

Petitioner, a California prisoner, appeals from an order of the district court denying his petition for a writ of habeas corpus.

■ After an evidentiary hearing the district court found that "petitioner was properly represented by counsel and that he pleaded guilty with an understanding of the significance of the plea and the consequences stemming therefrom."

* Honorable James F. Battin, District Judge, United States District Court for

Based on the testimony adduced at the hearing, and the state court record, we cannot say that these findings are clearly erroneous. Knowles v. Gladden, 378 F.2d 761, 766–767 (9th Cir. 1967).

■ Petitioner contends that the state trial record was insufficient to establish the voluntariness of his guilty plea under the standards enunciated in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), the Supreme Court held that the rule of McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), would apply only to guilty pleas accepted after the date of the McCarthy decision. We think that the reasoning of Halliday requires the denial of retroactive effect to the Boykin decision. Accord, United States ex rel. Hughes v. Rundle, 419 F.2d 116, 118 (3d Cir. 1969); In re Tahl, 1 Cal.3d 122, 134–135, 81 Cal.Rptr. 577, 585–586, 460 P.2d 449 (1969).

Affirmed.