**Gilbert R. MOLINA, Appellant,**

v.

**Walter E. CRAVEN, Warden, California State Prison, Appellee.**

**No. 25867.**

United States Court of Appeals, Ninth Circuit.

Jan. 4, 1971.

Gilbert Molina, in pro. per.

Thomas C. Lynch, Cal. Atty. Gen., Derald E. Granberg, Joyce F. Nedde, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before CHAMBERS, HAMLEY and MERRILL, Circuit Judges.

PER CURIAM:

The decision of the district court denying habeas corpus relief is affirmed.

Molina was convicted in California of the state crime of murder of a fellow prisoner.

On his point that his co-defendant should not have been permitted to testify (the testimony hurt Molina), there was ample opportunity for cross-examination, which was done quite thoroughly. In our view, reliance here on Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, on the facts of this case, is misplaced.

Contentions that Molina was not represented by competent counselor are frivolous.

The state failure to hold a pre-hearing reception on admissions of Molina and of his co-defendant is attacked. No such hearing was requested. This may have been trial strategy of able counsel.

**Barry Don SIMMONS, Petitioner and Appellant,**

v.

**Walter E. CRAVEN, Warden, Folsom State Prison, Respondent and Appellee.**

**No. 25746.**

United States Court of Appeals, Ninth Circuit.

Jan. 4, 1971.

Rehearing Denied Feb. 2, 1971.

Barry Don Simmons, in pro. per.

Thomas C. Lynch, Cal. Atty. Gen., Derald E. Granberg, Eric Collins, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before CHAMBERS, HAMLEY and MERRILL, Circuit Judges.

PER CURIAM:

The decision of the district court denying habeas corpus relief is affirmed.

Here a pre-Boykin (Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274) guilty plea is attacked.

There is no allegation that he did not understand the consequences of his plea. And, he had competent trial counsel.

The contention that his plea was coerced because there was a threat to use his wife as a witness is made. Assuming this would violate a privilege either he or his wife could claim, the answer is he had competent counsel, a state rule of evidence is involved, and we have held in Moss v. Craven, 9 Cir., 427 F.2d 139, that Boykin is not retroactive.