**Johnnie T. GRIFFITH, Appellant,**

v.

**WARDEN, NEVADA STATE PRISON,**
**Appellee.**

**No. 25313.**

United States Court of Appeals,
Ninth Circuit.

May 10, 1971.

Johnnie T. Griffith, in pro. per.

Harvey Dickerson, Atty. Gen., Carson City, Nev., C. B. Tapscott, Chief Asst. Atty. Gen., Reno, Nev., for appellee.

Before BARNES and WRIGHT, Circuit Judges, and BYRNE, District Judge.*

PER CURIAM:

Appellant, *in propria persona,* appeals from a denial of his petition for a writ of *habeas corpus.* He asserted below, first: that he was coerced into his plea of guilty because he was at the time of his plea under the influence of drugs; and second: that the state trial judge did not sufficiently test him by asking questions as to his guilt and his desire to plead guilty, at the time of his change of plea.

His plea of guilty was a compromise plea to a charge of second degree murder (without premeditation) made with the advice of his attorney, after his original plea of not guilty to the charge of first degree murder (with premeditation) was withdrawn. This was in 1962, and no appeal was taken from his sentence.

After exhausting his state remedies, appellant filed, in 1969, a petition for a writ of *habeas corpus.* An Order to Show Cause was issued, and an answer and return were filed. The matter was heard by the District Court on October 2, 1969, continued for the appointment of an attorney and further hearing on December 22, 1969, whereupon the petition was denied.

The District Court Judge found the appellant's plea of guilty had been knowingly and intelligently made by him without coercion of anyone. As an example of the evidence presented, while appellant charged coercion on him by the District Attorney prosecuting him, at the hearing he admitted he had never talked to the District Attorney or any of his deputies (Tr. of Proc. of Oct. 2, 1969, page 10, lines 10–18). "Ample evidence" was introduced, which thoroughly established a lack of coercion, and appellant's knowing entry, with legal advice, of an advantageous guilty plea to a lesser offense. *Cf.:* McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); Parker v. North Carolina, 397 U.S. 790, 794–795, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970).

As to the state trial judge's failure to question appellant about his change of plea, even if Federal Rule 11 were applicable to state trials, the requirement of McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) is not retroactive. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969). "[The] *McCarthy* * * * holding was based solely on the applicability of Rule 11 and not upon constitutional grounds." *Halliday, supra,* p. 832, 89 S.Ct. p. 1499.

Other issues raised by appellant were not raised below, and are not properly before us, nor can we consider the affidavit attached to appellant's reply brief, which is in no respect a part of the record in this case.

Affirmed.

* The Honorable Wm. M. Byrne, United States District Judge for the Central District of California, sitting by designation.