al jurisdiction was asserted under 28 U.S.C. § 1343(3).

Chief Judge Henderson dismissed the complaint on the ground that the right to augment police salaries by outside work was not a "personal right" within the scope of the Civil Rights Act, citing as authority, binding upon him, this court's decision in Tichon v. Harder, 438 F.2d 1396 (2 Cir. 1971). While we do not quarrel with that view, the action should also have been dismissed on the ground properly asserted in the answer, see F.R.Civ.P. 8(c), that the state judgment was *res adjudicata*. Having lost in the state courts, plaintiff's remedy was to seek review by the Supreme Court. The Civil Rights Act, unlike federal habeas corpus, does not permit a second bite at the cherry. Howe v. Brouse, 422 F.2d 347 (8 Cir. 1970); Scott v. California Supreme Court, 426 F.2d 300 (9 Cir. 1970). We add for good measure that the constitutional challenge was unsubstantial and the complaint could properly have been dismissed on that ground also.

Affirmed.

Robert L. Woodhall, Atty. Gen. of Montana; J. C. Weingartner, Asst. Atty. Gen., Helena, Mont., for appellant.

Pedersen & Herndon, Billings, Mont., for appellee.

Before DUNIWAY and WRIGHT, Circuit Judges, and McNICHOLS, District Judge.*

**Jack Martin PETERSON, Petitioner-Appellee,**

v.

**W. J. ESTELLE, Warden of the Montana State Penitentiary, Respondent-Appellant.**

**No. 26491.**

United States Court of Appeals, Ninth Circuit.

June 10, 1971.

PER CURIAM:

The district court granted Peterson's petition for a writ of habeas corpus. Estelle, the warden of the Montana State Penitentiary, appeals.

Peterson and Evans were jointly tried in the Montana court for burglary. A single counsel was appointed to represent both. There was no direct evidence connecting Peterson to the burglary. However, a prosecution witness attributed to Evans an exculpatory statement that inculpated Peterson. Neither Peterson nor Evans took the stand. The district court found that the statement

* Honorable Ray McNichols, United States District Judge, District of Idaho, sitting by designation.

created a conflict of interests between counsel's duties to each of the codefendants, and issued the writ.

Whether a conflict of interests existed is a question of fact. The district court's finding was not clearly erroneous, and it therefore must stand. Moss v. Craven, 9 Cir., 1970, 427 F.2d 139, 140; Knowles v. Gladden, 9 Cir., 1967, 378 F.2d 761, 766–767. The district court properly applied the law in concluding that the conflict of interests denied Peterson the right to effective representation of counsel. See Glasser v. United States, 1942, 315 U.S. 60, 75–76, 62 S.Ct. 457, 86 L.Ed. 680.

Affirmed.

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Fernando MACIAS, Defendant-Appellant.**
**No. 71-1724**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

July 13, 1971.

Sam Sparks, El Paso, Tex., court appointed, for defendant-appellant.

---

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Seagal V. Wheatley, U. S. Atty., Ralph E. Harris, El Paso, Tex., for plaintiff-appellee.

Before COLEMAN, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

On January 4, 1971, we remanded this case for an evidentiary hearing to determine whether Fernando Macias had been denied effective assistance of counsel when convicted of the unlawful sale of heroin [United States v. Macias, 435 F. 2d 1294 (1971)].

The hearing was held, with adverse results to Macias. He again appeals. We affirm.

The record clearly supports the findings and conclusions of the District Court. Indeed, candor compelled appellate counsel for Macias to concede this in the brief he filed with this Court. Due fidelity to the Court and the client forbade any other course.

The judgment of the District Court is Affirmed.

**Antonio URTIAGA–ROGERS, Plaintiff-**
**Appellant,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**
**No. 29271**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

July 14, 1971.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970. 431 F.2d 409, Part I.