**Charles Edwin CORNELIUS, #31343,
Petitioner-Appellant,**

v.

**H. C. CUPP, Warden,
Respondent-Appellee.**

**No. 71–1190.**

United States Court of Appeals,
Ninth Circuit.

Sept. 20, 1971.

Robert G. Parker, of Ferguson & Capron, San Francisco, Cal., for petitioner-appellant.

David H. Blunt, Ass't, Atty. Gen., Salem, Or., for respondent-appellee.

Before MERRILL, KOELSCH and BROWNING, Circuit Judges.

PER CURIAM:

Petitioner, an Oregon prisoner, appeals from an order entered after an evidentiary hearing in the District Court denying his application for a writ of habeas corpus.

On January 18, 1966, petitioner, accompanied by his court-appointed attorney, entered a plea of guilty to a charge of committing "assault while not armed with a dangerous weapon." Ore.Rev. Stat. § 163.255. The plea was the product of an agreement between petitioner, his counsel, and the district attorney to dismiss an information charging petitioner with a greater offense of assault with intent to kill, which carried a possibility of a life sentence, in return for his guilty plea. On the same day petitioner received a five-year maximum sentence on the lesser offense.

The following day petitioner again appeared before the state trial court, this time to plead to an information charging him with having a prior felony conviction. Under Ore.Rev.Stat. § 168.085, a trial court may vacate a prior sentence and impose a new sentence up to twice the maximum on the sentence vacated if the accused is found to have suffered a prior felony conviction. After conferring with his attorney, petitioner admitted the prior conviction, his previous five-year sentence was vacated, and a new ten-year sentence substituted in its stead.

At the evidentiary hearing held in the District Court below, petitioner testified that his attorney had assured him that the enhanced penalty provision would not be used if he entered a plea of guilty to the lesser offense. His attorney, on the other hand, testified that use of the enhanced penalty provision was part of the agreement, that he informed petitioner of this fact prior to entry of his plea to the lesser offense, and that petitioner understood the ramifications of its use. The District Court disbelieved petitioner's testimony and, in denying the writ, found that petitioner voluntarily and intelligently entered his plea.

Our examination of the record convinces us that this finding is not clearly erroneous. Knowles v. Gladden, 378 F.2d 761 (9th Cir. 1967). The issue was simply one of credibility which the District Court resolved against petitioner.

Petitioner contends, however, that the District Court should have granted the writ because the trial court, at the time it accepted the plea, did not specifically ascertain that the plea was voluntarily and intelligently entered and that the record does not affirmatively show this to be true, as required by Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L.Ed.2d 274 (1969). We have held, however, that *Boykin* is not to be retroactively applied. Griffith v. Warden, 442 F.2d 302 (9th Cir. 1971); Reliford v. Craven, 434 F.2d 1315 (9th

Cir. 1970); Moss v. Craven, 427 F.2d 139 (9th Cir. 1970). Since petitioner's plea was entered long before *Boykin* was decided, the District Court properly held a hearing to determine whether the plea was voluntarily and intelligently entered.

Affirmed.