■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BUTLER, Appellant.—Judgment, Supreme Court, New York County, ren-

dered June 23, 1975, convicting defendant of robbery in the first degree (five counts), and robbery in the second degree (five counts), and sentencing him to 15 years to life, unanimously affirmed. We find the reconstructed record of defendant's trial sufficient to afford adequate appellate review. Our recent decision in *People v Carney* (73 AD2d 9) provided a procedure for the reconstruction of a proceeding when the stenographic minutes are unavailable. We held, under the circumstances of that case, that the procedure followed was erroneous, and we set forth guidelines to be followed "so far as possible" (p 12): "We are thus faced with a basic question of procedure in such reconstructions of the record—specifically, who, if anyone, takes charge of the proceedings and who 'settles' the record, at least where there is no agreement among the parties or their recollections differ. In my view, so far as possible the final arbiter of the record should be the Judge who presided at the original proceeding sought to be reviewed, if he is available. At a minimum, he should take charge of the reconstruction proceeding. In such a proceeding he is not merely, or not at all, a witness; he is the official who certifies to the appellate court—if he can—what took place before him." While the Trial Judge in the case before us did not preside at the reconstruction hearing, he did testify, with the aid of a detailed minute book, as did the trial Assistant District Attorney, the Assistant District Attorney who had attempted to secure the missing minutes and the defendant's trial attorney. The proceeding outlined in *Carney (supra)* is to be preferred, with the same Justice presiding at the reconstruction hearing as presided over the trial or hearing in which the stenographic minutes are unavailable, and making specific findings of fact. However, the mere failure to follow these guidelines will not afford automatic reversal, where, as here, the alternative method used actually provided an adequate record and sufficed to satisfactorily demonstrate that genuine appealable and reviewable issues do not (or do) exist. "It is only upon an appropriate showing that this cannot be accomplished that a defendant is entitled to automatic reversal". *(People v Glass,* 43 NY2d 283, 286; *People v Rivera,* 39 NY2d 519.) Concur—Ross, J. P., Markewich, Bloom, Lynch and Carro, JJ.