**David Walter HART, Petitioner,**

v.

**Henry RISLEY, Warden, Montana State Prison, et al., Respondents.**

**No. CV 82–39–M.**

United States District Court,
D. Montana,
Missoula Division.

April 18, 1984.

Bradley Luck, Garlington, Lohn & Robinson, Missoula, Mont., for petitioner.

Mike Greely, Atty. Gen., Helena, Mont., for respondents.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

In December of 1967 David Hart (petitioner) was charged with first degree burglary in the District Court of Flathead County, and in the same information petitioner was charged with having been convicted of a previous felony in 1962. *See* R.C.M.1947, § 94–4713.

Petitioner was first arraigned on the 1967 charge on December 13, 1967. He appeared with his lawyer, James Sinclair, and entered a not-guilty plea. Bail was fixed, and petitioner was released on bond. He failed to appear, and the bond was forfeited. He was then arrested in another state for a federal crime and sentenced to fifteen years. He was removed from the federal penitentiary at Leavenworth to the Flathead County Jail, and was brought before the court on March 30, 1970.

On March 30, 1970, petitioner was served with a notice that, if he pled guilty or was found guilty of the charge, the state would seek increased punishment under R.C.M. 1947, § 94–4713 because of his conviction in 1962 of burglary in the first degree in the District Court of Gallatin County. Petitioner ultimately pled guilty and, on conviction, was sentenced to a term of forty years. Petitioner now attacks both the conviction and the sentence imposed.

At the 1970 arraignment petitioner was represented by Mr. Farlin, an attorney appointed by the county. In the course of the two arraignments petitioner was advised by the judge of his right to a jury trial, of the duty of the state to prove the case, of his right to summon and cross-examine witnesses, and of his right to a fair, speedy, and impartial trial. At the 1970 arraignment petitioner was repeatedly advised of the effect of the 1962 conviction and that it could result in a sentence of ten years to life. The court asked petitioner: "Did you, Mr. Hart, on December 8, 1967, willfully, wrongfully, unlawfully, feloniously, intentionally and burglariously with the intent to commit larceny during the nighttime, enter into the room, shop or store known as Koford's Jewelry?" The petitioner responded: "Yes, Your Honor." The court asked: "You say that you did?" The petitioner repeated: "Yes, Your Honor."

Now petitioner makes two claims:

First, that promises were made to him as to the 1970 sentence which were not kept; and

Second, that there were constitutional infirmities in the 1962 conviction and that an extended sentence could not be based on it.

*As to the validity of the 1970 conviction:*

■ Petitioner takes the position that he had understood that the recommendation that his sentence should be served concurrently with the federal sentence meant that the total sentence would be no longer than the time remaining on the federal sentence. In January, and before he had been removed from Leavenworth to Flathead County, he received a letter from his attorney Sinclair as follows:

> Enclosed please find a copy of a letter I have received this date from the county attorney at Kalispell. It occurs to me that perhaps it would be the easiest way to rid [sic] of all of these charges in Montana, since you could serve the sentence on all of them while you are in Leavenworth.

The letter from the county attorney to Sinclair read in part:

> About the only consolation that I can offer you at this time would be that if Mr. Hart would be agreeable to coming back and entering a plea of guilty, I would at that point recommend that any sentence the District Court here might give Mr. Hart would be served concurrent with the Federal sentence at the Federal Penitentiary . . . .

If Sinclair was intimating that there had been a promise that petitioner's sentence in Montana would be no longer than the balance of his federal sentence, he was mistaken, because no such promise had been made.

The county attorney did exactly what he said he would do in the letter, as evidenced by the record as follows:

> Your Honor, I think also for the record at this point it should be brought out that the defendant in this case is presently in custody in Terre Haute, Indiana, Federal Prison and that the state has advised the defendant that any sentence that the court imposed, they will recommend to the Court that the sentences be served concurrently with the federal sentence.

The defense counsel responded:

> For the sake of the record, he is presently in custody in Levenworth [sic].

The court immediately engaged in this colloquy with the petitioner and the county attorney:

> The Court: In other words, it is my understanding that in entering this plea, the defendant understands that you will recommend that any sentence that this Court may give be served concurrently?
>
> The County Attorney: Yes, Your Honor.
>
> The Court: Do you understand that that is just a recommendation Mr. Hart and that the Court—
>
> The Petitioner: Yes, I do.
>
> The Court: And that the Court for your purposes for entering this plea, you should not consider the court will consider this recommendation in your favor, do you understand that?
>
> The Petitioner: Yes, I do.
>
> The Court: I mean the recommendation has been stated for the record but you can't count on the Court giving any credence to that whatsoever, do you understand that?
>
> The Petitioner: Yes, sir.

In separate instances the court told the petitioner the punishment would be a minimum of ten years to life. Thus:

> The Court: [B]ut if you have been convicted prior to such time of another felony and notice has been given to you of that felony prior to your entering any plea of guilty or prior to the court setting this matter for trial by jury, the notice setting forth the convictions, the nature of those convictions, then in this case the minimum sentence by the Court would be not less than ten years, and it could be up to life. Do you understand that?
>
> The Petitioner: Yes.

And again:

The Court: [S]o you know that if you enter this plea of guilty, that the least you will get is ten years.

The Petitioner: Yes sir.

The Court: And it could be up to life, you realize that?

The Petitioner: I realize that.

In addition, the judgment itself discloses that the Montana sentence was not to expire upon the completion of the federal sentences. It reads in part:

IT IS FURTHER ORDERED that since you are now serving a sentence on the Federal charge appearing in the report and that you will be subsequently serving on another conviction by the State of Kansas, that this sentence be deemed to be served concurrently as of this date; that upon the completion of any service of the Federal or the Kansas State charge, you at that time are to be transported to the Warden at the Montana State Prison for the completion of this sentence.

In view of all this, I simply do not believe that Hart was deceived or that he truly believed that his Montana sentence would be served when he had served his term in the federal prison.

*As to the validity of the 1962 conviction:*

The 1962 conviction is attacked on the grounds that, first, the plea was induced by false promises to petitioner; and, second, the record as to the advice given by the judge to petitioner as to his rights does not conform to the requirements of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

*First:*

■ I do not believe petitioner's testimony that the trial judge promised him or his attorney that, if he pled guilty, he would get three years suspended and that the trial judge then broke that promise and sentenced him to three years imprisonment. My disbelief is grounded in the fact that I

seriously doubt that a trial judge would engage in such perfidy, or, if he did, that Mr. McKinley, petitioner's lawyer, would have remained silent. Petitioner's silence for almost eighteen years militates against his claim, particularly when the alleged breach was as gross as here stated. Petitioner's veracity is impeached by his lack of memory as to the presence of his lawyer (Farlin) at his 1970 sentencing; petitioner claimed that Farlin was absent while the record shows that he was present. Aside from these specific reasons for disbelieving petitioner, the picture he presents of a wholly gullible person being deceived by all of the lawyers and judges whom he had met in his crime-filled life is incredible. I view the evidence of the witness Kirkland as worthless.

*Second:*

■ We come then to the question of whether the 1962 conviction was invalid because of *Boykin*. The record before the court, which is stipulated to be all that is now available, is not complete. There is, for example, no record of the initial arraignment. There was one, because at some stage a plea of not guilty was entered. There are no court reporter transcripts of any of the arraignments.[1] The advice given to the defendant is usually contained in the court reporter transcript. The record as it is does not disclose that any of the advice required by *Boykin* was given. Petitioner states that no advice was given him, but for the reasons previously stated I do not believe him. Therefore, as I see it, only an application of the rule of *Boykin* can invalidate the 1962 conviction.

■ The rule of *Boykin* is not retroactive, and a pre-*Boykin* conviction may not be set aside simply because the record does not disclose that all of the advice required by *Boykin* was given. *Moss v. Craven*, 427 F.2d 139 (9th Cir.1970).

1. In the respondent's brief, it is argued that the reporter's notes were destroyed or lost when there was a move into a new courthouse in about 1967. However, the record contains no proof of this.

When, however, in a recidivist hearing,[2] it is sought to use prior convictions to enhance the sentence which may be given for a later crime, the defendant must be advised of the charge of prior offenses and of the consequences of admitting them. The defendant may then demand judicial hearings on the validity of any of the prior offenses charged. *Wright v. Craven*, 325 F.Supp. 1253 (N.D.Cal.1971), *aff'd*, 461 F.2d 1109 (9th Cir.1972).

When a post-*Boykin* defendant is advised of the prior charges and of the effect that they may have upon the sentence to be imposed, he has a right to challenge the conviction. Since the prior convictions are being reused by the state, the defendant may rely on the rule of *Boykin*, even though the prior charges predate *Boykin*. In such a case the defendant does not use *Boykin* to cancel the punishment for the offense committed prior to *Boykin* but rather uses it to prevent that former offense from being reused to enhance a penalty. As the Supreme Court of Washington said in *State v. Holsworth*, 93 Wash.2d 148, 154, 607 P.2d 845, 848 (1980): "However, the attack in an habitual criminal proceeding on the use of pre-*Boykin* pleas is neither collateral nor retroactive. The challenge instead is to the present use of an invalid plea in a *present* criminal sentencing process."

It should be noted, however, that it is at the recidivist hearing that the defendant has the right to challenge the prior convictions. The parties in *Holsworth* were making a direct attack on the prior conviction in the recidivist proceeding itself. In *In re Petition of Lee*, 95 Wash.2d 357, 623 P.2d 687 (1980), the petitioners were found guilty of being recidivists. However, the court held that those who did not attack their prior convictions in the recidivist trial could not do so in a collateral attack.

In other words, and this makes some sense, a person charged as a recidivist has the right to have the court advise him of the recidivist charges and the effect that they will have on the sentence for the later crime with which he is charged. Neither the state nor the judge is required, as to each of the prior crimes, in the absence of a challenge, to go through the same litany prescribed by *Boykin* for the initial charge. The defendant does have the right to challenge the prior crimes charged. If he does, it is then, and only then, that the same rules apply as would have applied to the initial charge, absent a finding by the trial court of laches under Rule 9(a) following 28 U.S.C. § 2254.

In this case no challenge was made at the recidivist hearing, there was no appeal therefrom, and the rule of *Boykin* may not be invoked.

The petitioner is denied all relief.

2. The term "recidivist hearing" is used to denote any hearing where the sentence imposed for the crime charged is sought to be enhanced by consideration of prior crimes.