**UNITED STATES of America ex rel. Charles BUTLER, Petitioner,**

v.

**Raymond R. BARA, Jr., Superintendent of Arthur Kill Correctional Facility, Robert Abrams, Attorney General of the State of New York and Robert Morgenthau, District Attorney of New York County, Respondents.**

No. 88 Civ. 7632(SWK).

United States District Court, S.D. New York.

Oct. 31, 1990.

---

See also 75 A.D.2d 754, 427 N.Y.S.2d 636.

Charles Butler, pro se.

Robert Abrams, Atty. Gen. of the State of N.Y. by Brian T. McGovern, Asst. Atty. Gen., Albany, N.Y., for respondents.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Petitioner Charles Butler filed a petition for writ of habeas corpus with the Court on the grounds of equal protection, ineffective assistance of trial counsel and due process. The petition was referred to Magistrate Bernikow. Magistrate Bernikow filed his Report and Recommendation (hereinafter "R & R") with the Court, recommending that the writ be granted as to the third ground. State respondents have filed objections to the R & R.

### Background

The facts as set forth in the Report and Recommendation of the Magistrate have not been objected to and are adopted in full. They are only briefly set forth here. Butler was convicted in New York State Supreme Court, New York County, of five counts of Robbery in the First Degree (N.Y. Penal Law § 160.15) and five counts of Robbery in the Second Degree (N.Y. Penal Law § 160.10). Butler was sentenced as a Persistent Felony Offender pursuant to N.Y. Penal Law § 70.08, and received 15 years to life.

Butler, represented by counsel, appealed his conviction to the Appellate Division, First Department of the New York State Supreme Court. Petitioner argued that the use of a reconstructed trial transcript hurt his chances for appeal, and asserted a claim of ineffective assistance of trial counsel. In addition, Butler challenged the validity of his sentencing as a Persistent Felony Offender. The Appellate Division unanimously affirmed the conviction without opinion. *People v. Butler*, 75 A.D.2d 754, 427 N.Y.S.2d 636 (1st Dept.1980). The Court of Appeals denied leave to appeal.

Butler filed a *pro se* motion pursuant to N.Y. Criminal Procedure Law § 440.10, to set aside his conviction. The motion raised the same issues presented on appeal and also challenged the constitutionality of N.Y. Penal Law § 160.15, which defines Robbery in the First Degree. The trial court denied the motion. Butler then filed a federal habeas corpus petition raising the same issues presented on appeal, but withdrew the petition after the respondent filed opposition papers.

Butler next moved pursuant to N.Y. Criminal Procedure Law § 440.20 to vacate his sentence as a Persistent Felony Offender by challenging the constitutionality of his prior 1956 and 1961 felony convictions. Butler's appellate counsel filed an affirmation and a memorandum of law in support of petitioner's motion. In these papers, Butler argued that his 1956 conviction lacked constitutional validity because of an inadequate plea allocution. Butler admitted that he had not challenged this conviction at his sentencing hearing and noted that N.Y. Criminal Procedure Law § 400.20 bars challenges to prior convictions not raised at the sentencing hearing, but he contended that ineffective assistance of trial counsel excused this failure.

The New York State Supreme Court denied Butler's motion. The court noted that Butler had not "submitted any support for the proposition that had counsel contested the use of the 1956 conviction at the instant [1975] sentencing, such contest would have had a likelihood of success." (R & R at 3, quoting Altman, J.) It added that Butler had failed "to locate any precedent for the proposition that in 1975 a defendant could successfully challenge the use of a prior felony conviction to enhance sentence on the ground raised." (R & R at 3) Thus, the court concluded, Butler had not shown that "counsel's failure to contest the use of the 1956 conviction had an adverse effect." (R & R at 3) The court dismissed Butler's other claims as without merit. Petitioner sought leave to appeal to the Appellate Division, First Department, which denied leave both initially and on reconsideration.

Butler then filed this habeas corpus petition asserting three grounds of relief. First, Butler argues that the lack of a transcript of his trial and sentencing hearing denied him equal protection of the law and hindered his efforts to appeal. Second, he argues ineffective assistance of trial counsel on the basis of counsel's inexperience as well as his failure to raise the 1956 conviction at the 1975 sentencing hearing. Third, petitioner claims that the sentence itself violates due process of law.

Magistrate Bernikow filed his R & R with the Court, recommending that the writ be denied as to the first two grounds but granted as to the third. Regarding the first two claims, ineffective assistance of counsel and denial of equal protection of the laws, the Court has considered the Report and agrees with its recommendation to deny the petition on these bases. Accordingly, that portion going to the first two claims will be accepted in accordance with 28 U.S.C. § 636(b).

The Magistrate recommended that the petition be granted as to the third claim, for denial of due process. The Magistrate said that because Butler's 1956 plea of guilty lacked any factual allocution or indication that petitioner knowingly waived his constitutional rights, the 1956 conviction cannot serve as an underlying felony for his sentence as a persistent felony offender. The Magistrate accordingly recommended that the 1975 sentence be vacated and that Butler be resentenced by the state court.

State respondents have filed objections to that portion of the Magistrate's R & R recommending grant of the writ. It claims that *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) was improperly applied retroactively to review the constitutionality of petitioner's 1956 conviction, and that the burden of establishing the voluntary nature of the plea was improperly placed upon the respondents. Butler has not replied to the State's objections, except to object to an enlargement of the state's time to respond, nor has he challenged the recommendations to deny the writ on the first two claims

The Court accordingly will consider the issues raised by the State respondents with respect to the due process claim: (1) the applicability of *Boykin v. Alabama* to the 1956 plea; and (2) the voluntariness and knowingness of the 1956 plea.

## DISCUSSION

### I. Application of *Boykin* to Petitioner's Sentencing Claim [1]

█ The Magistrate recommends that the Court apply *Boykin* standards to the 1956 plea for purposes of the 1975 sentence enhancement. He reasons that although *Boykin* would generally not apply retroactively, a petitioner should be able to use *Boykin* to challenge a pre-*Boykin* plea for purposes of a post-*Boykin* sentence enhancement hearing. (R & R at 13). The Court respectfully disagrees with this recommendation.

*Boykin* was a 1969 case holding that a guilty plea must be accompanied by an "affirmative showing that it was intelligent and voluntary." 395 U.S. at 242, 89 S.Ct. at 1711. It has been determined that in general, *Boykin* is to be applied prospectively only. *U.S. ex rel. Curtis v. Zelker,* 466 F.2d 1092, 1102 (2d Cir.1972), *cert. denied,* 410 U.S. 945, 93 S.Ct. 1405, 35 L.Ed.2d 612 (1973); *U.S. ex rel. Rogers v. Adams,* 435 F.2d 1372 (2d Cir.1970). However, the Magistrate recommended that Butler be permitted to apply *Boykin* standards at his 1975 persistent felony offender sentencing hearing. He relied in his reasoning on *Hart v. Risley,* 585 F.Supp. 269, 273 (D.Mont.1984), *aff'd. mem.* 772 F.2d 911 (9th Cir.), *cert. denied,* 474 U.S. 1013, 106 S.Ct. 544, 88 L.Ed.2d 474 (1985).

*Hart* involved a criminal defendant's *Boykin* challenge to a prior conviction under a recidivist sentencing scheme much like New York's.[2] In 1970, petitioner Hart pled guilty to a 1967 charge of first degree burglary. He had a predicate felony based on a 1962 conviction. Hart alleged that the 1962 conviction was invalid because it did not meet the standards set forth in *Boykin.* The court determined that petitioner Hart could use *Boykin* standards at his 1970

post-*Boykin* hearing to challenge the use of the 1962 pre-*Boykin* conviction. The court reasoned:

> The defendant does not use *Boykin* to cancel the punishment for the offense committed prior to *Boykin* but rather uses it to prevent that former offense from being reused to enhance a penalty.

*Id.* at 273.[3]

This Court does not follow the *Hart* court's application of the rule in *Boykin.* *Hart's* rationale creates an exception to the exclusive prospective application of *Boykin* upheld in *Rogers, supra,* 435 F.2d at 1374. There are sound policy reasons for resisting deviation in this case from the general rule that *Boykin* does not apply retroactively. In *Rogers,* the Second Circuit set forth its considerations in determining the prospective use of *Boykin.* It noted that:

> Guilty pleas accounted for an average of about 87% of all criminal convictions in state trial courts of general jurisdiction.... Common sense suggests that if reliance on pre-*Boykin* law was at all substantial, as it surely was, the impact of a retroactive application of *Boykin* on the administration of state justice could be calamitous. The Pennsylvania Supreme Court discussing this issue observed that in 'a great many of these [pre-*Boykin* guilty pleas], inadequate *on-the-record* examinations were conducted.' *Commonwealth v. Godfrey,* 434 Pa. 532, 536, 254 A.2d 923, 925 (1969).

*Id.* at 1374 (quoting Report: The Courts 9, Task Force on Administration of Justice, The President's Commission on Law Enforcement and Administration of Justice (1967) (emphasis in original)). The retroactive application of *Boykin* requirements to pre-*Boykin* guilty pleas could lead to the review of a majority of pre-*Boykin* convictions.

---

1. The Magistrate found that this claim was not procedurally barred "because the court did not clearly and expressly state that his decision rested on a state procedural bar." R & R at 13 (citation omitted). The Court adopts this recommendation as well-founded and unopposed.

2. A "recidivist sentencing scheme" refers to the attempt to enhance the sentence imposed because of prior crimes.

3. The *Hart* court ultimately denied petitioner habeas corpus relief because he failed to raise the issue of the involuntariness of the 1962 conviction at his recidivist hearing.

The Court considers that the Second Circuit's concerns about finality and consistency, as stated above, are as vital in this case as in *Rogers* itself. It would be contradictory to allow a *Boykin* challenge to set aside a pre–*Boykin* conviction for the purpose of sentence enhancement, but not permit such a challenge for a pre–*Boykin* conviction standing alone. A prior felony conviction cannot be parsed into two separate elements—*i.e.*, the sentence as served at the time, and the future import of that conviction—and yet that is the approach suggested by *Hart*. Under *Hart*, the one aspect of the conviction would receive only prospective *Boykin* review, while the other would receive both retroactive and prospective *Boykin* review. This the Court cannot do. In the interests of consistency and finality, this Court will consider prior convictions in their entirety. These concerns would be defeated if this Court were to reach back to a 34–year–old state conviction, for which the sentence has long been served, and find it infirm with respect to present Constitutional guarantees.

Retrospective application of *Boykin* is also contrary to logic. Had petitioner been sentenced to a 50–year term based on his 1956 guilty plea, he would still be in prison for that offense, and his sentence would be unchallengeable from a *Boykin* perspective. It is nonsensical that the petitioner in this case, who actually received a less severe initial sentence and then committed subsequent serious felonies, could be entitled to the benefit of farther-reaching judicial relief, than had he received a longer sentence at the outset.

Accordingly, the Court declines to apply *Boykin* standards to the 1956 conviction as relied upon in the 1975 sentencing hearing.

## II. Knowing and Voluntary Character of the 1956 Plea.

The burden of proof is on the petitioner to overcome the strong presumption of regularity in state judicial proceedings. 28 U.S.C. § 2254(d); *Honeycutt v. Ward*, 612 F.2d 36, 41 (2d Cir.1979), *cert. denied*, 446 U.S. 985, 100 S.Ct. 2969, 64 L.Ed.2d 843 (1980) (determining the constitutionality of a previous conviction used as a predicate for enhancement of sentence); *see also U.S. ex rel. Schuster v. Herold*, 410 F.2d 1071, 1085 (2d Cir.1969), *cert. denied*, 396 U.S. 847, 90 S.Ct. 81, 24 L.Ed.2d 96 (1969) (burden of proof in habeas corpus proceeding traditionally on petitioner); *Webster v. Estelle*, 505 F.2d 926, 928 (5th Cir.1974) (same) (citing *Swain v. Alabama*, 380 U.S. 202, 226–227, 85 S.Ct. 824, 839–840, 13 L.Ed.2d 759 (1965)); *U.S. ex rel. Castillo v. Fay*, 350 F.2d 400, 401 (2d Cir.1965) (same). Because the record does not contain contradicted factual assertions in need of resolution, the Court will not hold a hearing on this question.[4]

Butler points to the transcript of the 1956 plea proceedings (hereinafter "1956 PT") as his primary evidence of the unconstitutionality of his plea. That transcript reports the following plea colloquy:

MR. LEVY (for defendant BUTLER): With your Honor's permission, the defendant Charles Butler at this time desires to withdraw his plea of not guilty heretofore entered and plead guilty to the first count of the indictment charging him with robbery in the 2nd degree, under the first count to cover all counts of the indictment.

MR. ADLER (for defendant FAVA): Your Honor, the defendant Vincent Fava asks for permission to withdraw his plea of not guilty and toenter (sic) a plea of guilty to robbery in the 2nd degree, to cover all counts of the indictment, under the first count of the indictment.

MR. GREYMORE (Asst. District Attorney): The People recommend the acceptance of the two pleas, your Honor.

THE COURT: Those pleas will be accepted.

THE CLERK: Charles Butler and Vincent Fava, each of you, you do now withdraw your pleas of not guilty heretofore interposed by you and do you now, each of you, plead guilty of the crime of rob-

---

**4.** Moreover, a hearing would be futile because the State Law Department Investigator's diligent efforts to contact Butler's 1956 attorney have proven unsuccessful. Affidavit of Herman Rohleder, dated August 16, 1990.

bery in the 2nd degree under the first count of the indictment, to cover the entire indictment. Charles Butler, is that your plea?

DEFENDANT BUTLER: Guilty.

THE CLERK: Vincent Fava, is that your plea?

DEFENDANT FAVA: Yes, sir.

(Both defendants sworn and pedigrees taken).

\* \* \* \* \* \*

*Id.* at 2. This account of the exchange was reported in the official transcript of the in-court proceeding, and no party challenges its accuracy.

■ Examining the record before it, the Court finds the following facts:

(1) Butler was represented by counsel during the 1956 pleading. 1956 PT at 1.

(2) The transcript of the 1956 guilty plea does not reflect that Butler was informed by the Court of his constitutional rights or that he gave a factual allocution. 1956 PT.

(3) Butler does not declare in his affidavit (or indeed anywhere in his numerous submissions on this matter) that his 1956 plea was not in fact knowing and voluntary. Affidavit of Charles Butler, dated September 22, 1988.[5]

(4) Butler did not challenge the 1956 plea at his predicate felony offender sentencing hearing in 1975. R & R at 8.

(5) Butler personally pled guilty before the court. 1956 PT at 1. This fact gives rise to an inference of greater voluntariness and knowingness than if Butler's attorney had entered the plea on his behalf.

(6) Butler's 1956 conviction resulted from his guilty plea to Robbery in the second degree, in full satisfaction of a multi-count indictment which charged him with Robbery in the first degree and other offenses. 1956 PT. The Court infers from this that Butler obtained some strategic benefit from his plea bargain and acted rationally in accepting the agreement.

(7) Butler was a co-defendant with Vincent Fava in the 1956 indictment. Fava, represented by separate counsel, also entered a guilty plea to Robbery in the 2nd degree in full satisfaction of the multi-

count indictment. (1956 PT at 2). This information adds to the finding above that the bargain was beneficial to a defendant in Butler's situation.

(8) Butler states that he was 19 years of age at the time of the 1956 conviction, and claims that test scores revealed an estimated I.Q. of 74. (Butler Mem. at 2). In sentencing him, the Court mentioned his age as part of its consideration of his sentence, but not his I.Q. Transcript of Sentence, March 1, 1956, at 2. Nor does Butler attach any documentary proof of his allegedly low intelligence level. The Court finds that Butler's bare allegation on the subject of his I.Q. is insufficient to put his mental faculties into issue.

■ The strongest evidence in Butler's favor is the absence in the record of an advice of rights at the time of his plea. However, Butler's failure to attest that his plea was not knowing and voluntary, combined with the benefit he received by pleading to a lesser offense and the other factors found above, outweigh that consideration. On balance, the evidence is insufficient to establish an infirmity of constitutional dimensions under the then-existing 1956 standards. *See, e.g., United States ex rel. Brock v. LaVallee,* 306 F.Supp. 159 (S.D.N.Y.1969). In *Brock,* this Court upheld a sentence based on a guilty plea, where petitioner's attorney and the prosecutor each made a statement to the court prior to the acceptance of the plea. Like in the present case, petitioner Brock was a teenager at the time of the challenged plea and asserted that he was mentally retarded. *Id.* at 162. The Court stated:

> While no doubt the more prudent course would have been for the court personally to have questioned petitioner before acceptance of the plea, as was the general practice in the federal courts and as is now mandated under Rule 11 of the Federal Rules of Criminal Procedure, there is no constitutional requirement that any particular procedure be followed. Reliance by a court upon the advice given by counsel to an accused in the accept-

---

**5.** Neither does he deny guilt of the underlying offense.

ance of a plea does not by itself taint it as one not understandingly or knowingly made. The matter is one of reality and not ritual. The essential question whether the plea was so made rests upon the reasonable inferences to be drawn from all the surrounding facts and circumstances.

*Id.* at 162–63 (footnotes omitted). In light of that case, the Court is confident that Butler's challenge to the 1956 plea, if presented at that time, would have met the same fate. As late as 1976 the Supreme Court held that a defendant could not use *Boykin* to challenge a guilty plea in the absence of a showing that the plea was not voluntary in fact. *Henderson v. Morgan,* 426 U.S. 637, 646–47, 96 S.Ct. 2253, 2258–59, 49 L.Ed.2d 108; *see also United States v. Bentvena,* 193 F.Supp. 485, 503 (S.D.N.Y.1960) ("no particular ritual is necessary upon the acceptance of a guilty plea") (citations omitted). In light of the foregoing, Butler cannot demonstrate his claim of an excessive sentence in violation of due process.[6]

The Court finds that Butler cannot carry his burden on this habeas corpus petition. Accordingly, the petition will be denied in full.

### CONCLUSION

The Court adopts as well-reasoned and uncontested the Magistrate's recommendations that the petition be denied as to the equal protection and ineffective assistance of counsel claims. For the aforementioned reasons, the Court respectfully declines to adopt the Magistrate's recommendation that the third claim of the petition be granted. The petition for writ of habeas corpus is hereby DENIED.

This action closes the case.

SO ORDERED.

---

**6.** The Magistrate himself noted, in addressing a different point, that the 1956 plea allocution "satisfied the constitution under then prevailing law." R & R at 9 (citing *Walker v. Johnston,* 312

U.S. 275, 286, 61 S.Ct. 574, 579, 85 L.Ed. 830 (1941) (plea allocution need only be voluntary in fact)).